Warner, Chief Justice.
The plaintiff foreclosed a mechanic’s lien on personal prop *431 erty, under the provisions of the 1968th and 1969th sections of the Code, obtained an execution, which was levied on a steam engine, and other personal property of the defendant. On this statement of facts, so far as the record discloses them, Fountain, executor, and Goetchius, who assumed to be creditors of the defendant, made a motion to quash the plaintiff’s execution on the following grounds: First, because the lien is not foreclosed as in case of steamboat liens. Second, the amount claimed to be due, is not due. Third, that the $1,300 *of the money is for sale of an engine; and fourth, there was no demand. The Court sustained the motion and quashed the plaintiff’s execution, to which the plaintiff excepted. The lien claimed by the plaintiff was foreclosed as in case of steamboat liens, as appears in the record. The amount claimed, $1,870 26, is sworn to be due, and a demand of payment and refusal is also alleged, and the claim appears to have been prosecuted within one year after the debt became due. This was an execution issued under the steamboat lien law, and the 1970th section of the Code declares, that if the party defendant in such execution, or any creditor of such defendant contests the amount, or justice of the claim, or the existence of such lien, he may file his affidavit of the fact, setting forth the grounds of such denial, which affidavit shall form an issue, to be returned to the Court and tried as other causes. The property levied on had not been sold, there was no fund in Court to be distributed arising from the sale of the defendant’s property, and it was not made judicially to appear to the Court, by affidavit or otherwise, that Fountain, executor, and Goetchius were creditors of the defendant, or what was the character of their claim, so far as the record informs us. In otírer words, they did not lay the foundation of their right to contest the plaintiff’s execution by making an affidavit, as the Code requires, of the grounds of their denial of the validity of the plaintiff’s execution for the enforcement of his lien. Whether the plaintiff can enforce a mechanic’s lien, under the provisions of the steamboat law, on personal property, we express no opinion ; it will be time enough to do that when that question shall be raised and brought before the Court- in the manner prescribed by the Code.
Let the judgment of the Court below be reversed.